VICTORIA Y. MCSWEENEY, Respondent, v. SALOMAN LEVIN, Appellant.— Judgment in favor of plaintiff unanimously modified, on the law and the facts, to the extent of ordering a new trial to determine plaintiff's damage only, without costs and without disbursements. The only serious issue in this case involves the extent of the injuries suffered by plaintiff as a result of the accident. The trial court, however, erred in permitting plaintiff to introduce evidence of a post-traumatic convulsive disorder claimed to be causally related to the injuries sustained at the time of the accident which occurred on August 8, 1963. Such injury was neither envisaged in the complaint nor fairly embraced within the bill of particulars, and no reference to same was made in any medical certificate supplied under the medical exchange rules of this court (Rules of the Supreme Court, New York and Bronx Counties eff. September 1, 1963, part I, rule XI, subd. 2, par. [a]; subds. 7, 8). The first episode or evidence of plaintiff's convulsive disorder manifested itself in or about May, 1964. Thus it appears she had knowledge of this disability more than two years before the trial. Under these circumstances, it was incumbent upon her to amend her bill of particulars and comply with the rule of this court pertaining to the service of supplemental medical reports (part I, rule XI, subd. 7). Only by such compliance could defendant be fairly apprised of the full extent and nature of the claim asserted against him. On the record before us, we cannot ascertain to what degree the convulsive disorder influenced the size of the jury's verdict. Concur — Botein, P. J., Stevens, Steuer, Capozzoli and McGivern, JJ.